

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00358-CR

---

DELKEI DERRETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 3
Tarrant County, Texas[1]
Trial Court No. 1792992, Honorable Douglas A. Allen, Presiding

---

March 31, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2]  Appellant, Delkei Derrett, was charged with sexual assault[3] and, following a jury trial, was sentenced to serve ten years of imprisonment.  At

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals.  TEX. R. APP. P. 41.3.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

[3] *See* TEX. PENAL CODE § 22.011(a)(1), (b)(3), (5).

the recommendation of the jury, the trial court suspended the sentence and placed Appellant on community supervision for eight years. The court also sentenced Appellant to serve three days of confinement in the Tarrant County jail as a condition of community supervision.[4]

Appellant was charged with intentionally or knowingly causing the penetration of C.D.'s mouth by his penis without her consent, including while she was unaware or physically unable to resist. At trial, the evidence showed that in April 2023, Appellant joined C.D. and her sister to celebrate C.D.'s 26th birthday, during which C.D. became intoxicated at a bar. Appellant drove the group home in C.D.'s car, where she appeared largely passed out, vomited multiple times, and was described as "very out of it." Upon arriving, C.D.'s sister went inside, while C.D.'s mother, concerned when the two remained in the car, found Appellant standing outside the open passenger door with his pants unbuckled. He claimed he had been urinating. C.D.'s mother described C.D. as a "limp" and unresponsive "dead fish." C.D. testified she experienced choking and gagging sensations but had little memory of events, stating she was unaware of any assault, felt out of control of her body, and was blacking out. Appellant, by contrast, testified C.D. was responsive and initiated contact, though he denied any further conduct.[5]

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially

---

[4] A trial court has discretion to require, as a condition of community supervision in a felony case, a defendant submit to a term of confinement in a county jail not to exceed 180 days. TEX. CODE CRIM. PROC. art. 42A.302.

[5] During his interview with police, Appellant initially claimed there was no sexual contact. Appellant's version of the events changed as the interview progressed.

plausible basis for reversal of Appellant's conviction. *Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In counsel's brief, he states he believes no reversible error occurred in the underlying proceeding. Counsel frankly and thoroughly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and a motion to access the appellate record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408. By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response or any other correspondence, and the State did not favor us with a brief.

By the *Anders* brief, counsel evaluates potential issues but then candidly concedes he is unable to find any meritorious issues to advance on appeal and concludes the appeal is frivolous.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969); *Nunez v. State*, No. 02-23-00300-CR, 2025 Tex. App. LEXIS 82, at *2–3 (Tex. App.—Fort Worth Jan. 9, 2025, no pet.) (mem. op., not designated for publication). After reviewing the

3

record and counsel's brief, we agree that there is no plausible basis for reversal of Appellant's conviction.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment and grant counsel's motion to withdraw.[6]


Alex Yarbrough
Justice


Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.